IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON WILLIAMS, Inmate #B78328,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-680-MJR** |
| ) | |
| **PINCKNEYVILLE CORRECTIONAL** ) | |
| **CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. Upon careful review of the complaint and any supporting exhibits, the Court

finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal because it seeks monetary relief from a defendant who is immune from suit.

## FACTUAL ALLEGATIONS

Plaintiff is blind and has a number of health problems. The complaint (written by his mother) states that Plaintiff is denied accommodation for his disability. He is not given assistance in walking and no one is provided to read paperwork to him. He is not allowed to bathe, causing him to break out in sores. He is denied his high blood pressure and heart medications for up to two weeks at a time. After Plaintiff grieved these issues, he received worse treatment. He states that items are intentionally left in his path so that he will trip and fall over them.

## LEGAL STANDARDS

Although Plaintiff has stated a number of potential claims, the complaint is insufficient in that Plaintiff names as the only defendant the Pinckneyville Correctional Center. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). As an institution within the Illinois Department of Corrections, the Pinckneyville Correctional Center is immune from suit. Accordingly, the complaint and the action must be **DISMISSED** and the case closed. *See* 28 U.S.C. § 1915A(b)(2).

The dismissal is without prejudice, however, to Plaintiff's later seeking to reopen the case and filing an amended complaint that specifies by name the individuals responsible for violating his constitutional rights and the specific ways in which those rights were violated.  Plaintiff should include names and dates of events and the individuals involved.  The amended complaint must also conform to the Federal Rules of Civil Procedure and the Court's local rules:

> Amended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue.  All new material in the amended pleadings shall be underlined.  The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

Local Rule 15.1; *see* FED.R.CIV.P. 15.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED this 28th day of September, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**